1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  DANNY GEROME YOUNG,                    )    No. C 11-02739 EJD (PR)
                                           )
            Plaintiff,                      )    ORDER OF SERVICE; DIRECTING
12                                          )    DEFENDANTS TO FILE
                                            )    DISPOSITIVE MOTION OR NOTICE
13    vs.                                   )    REGARDING SUCH MOTION;
                                            )    INSTRUCTIONS TO CLERK
14  ANTHONY HEDGPETH, et al.,               )
                                            )
15          Defendants.                     )
                                            )
16  _____        )

17

18          Plaintiff, a California inmate at the Salinas Valley State Prison ("SVSP") in

19  Soledad, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against

20  prison officials for unconstitutional acts.  Plaintiff's motion for leave to proceed in forma

21  pauperis will be granted in a separate written order.

22

23                                    **DISCUSSION**

24  **A.    Standard of Review**

25          A federal court must conduct a preliminary screening in any case in which a

26  prisoner seeks redress from a governmental entity or officer or employee of a

27  governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

28  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that SVSP officials have failed to adequately provide for his dietary needs which includes a severe intolerance of gluten and lactose.  (Compl. Attach. at 1.)  Plaintiff alleges that his continued placement in the general population has resulted in his receiving the "wrong" meals, meals that are missing items or contains "bad" items, and this his meals otherwise are tampered with.  (Id. at 6.)  Plaintiff claims that he has pursued several inmate appeals to remedy the deficiency, but that Defendants continued to respond ineffectively, and that their actions "have arbitrarily and intentionally allowed [P]laintiff to suffer."  (Id. at 15.)  Plaintiff claims that Defendants have ultimately failed to comply with the terms of the settlement agreement from the class action lawsuit Plata v. Schwarzenegger, No. C 01-01351 TEH (N.D. Cal. filed 2001).[1]  Plaintiff seeks

---

[1] Plata was filed by a class of all current and future California inmates requiring medical care under the medical care system operated by the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiffs claimed that CDCR is providing constitutionally deficient medical care in violation of the Eighth Amendment, and that the current systems and resources cannot properly care for and treat the prisoners in custody. They sought injunctive relief compelling defendants to immediately furnish them with constitutionally adequate medical care.  The State stipulated to a remedial injunction, with which it failed to comply.  A three-judge court was convened, which issued a remedial order requiring the State to reduce the prison population to 137.5% of the prisons' design capacity within two years, which, absent compliance through other means, would involve releasing some prisoners before their full sentences have been served.  See Brown v. Plata, 131 S. Ct. 1910, 1928 (2011).  The State appealed the order of the three-judge court

1    immediate compliance with the <u>Plata</u> agreement and damages.

2          Individual suits for injunctive and equitable relief from alleged unconstitutional

3    prison conditions cannot be brought where there is a pending class action suit involving

4    the same subject matter.  <u>See</u> <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1165 (10th Cir. 1991);

5    <u>Gillespie v. Crawford</u>, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).  "Individual

6    members of the class and other prisoners may assert any equitable or declaratory claims

7    they have, but they must do so by urging further actions through the class representative

8    and attorney, including contempt proceedings, or by intervention in the class action."  <u>Id.</u>

9    Here, as <u>Plata</u> remains pending, Plaintiff must seek compliance with the terms of the

10   settlement agreement through the class representative and attorney.  Accordingly, his

11   claim for injunctive relief must be DISMISSED.

12         However, Plaintiff's claim for damages may proceed.  <u>See</u> <u>Hiser v. Franklin</u>, 94

13   F.3d 1287, 1291 (9th Cir. 1996) (holding that class action suit seeking only declaratory

14   and injunctive relief does not bar subsequent individual damage claims by class members,

15   even if based on the same events).  This rule recognizes and respects the reality that

16   compelling every class member to join his or her individual damages claim to the class

17   action would render the action unmanageable.  <u>See id.</u> at 1292.

18

19                                    **CONCLUSION**

20         For the foregoing reasons, the Court orders as follows:

21         1.     The Clerk of the Court shall issue summons and the United States

22   Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments

23   thereto, and a copy of this order upon the following **Defendants** at **Salinas Valley State**

24   **Prison**, (P.O. Box 1020, Soledad, CA 93960-1020): **Anthony Hedgpeth**, Warden;

25   **Charles Watson**, Dietician; **Sepulveda**, Health Care Manager; **S. Gomez**, **Rayes**, **C.**

26

27   ────────────────────

28   and the Supreme Court affirmed the remedial order, directing the State to implement the
     order "without further delay."  <u>Id.</u> at 1947.

1   **Ramos, and T. J. Mantel**, Correctional Counselors; **S. Hatton, J. McCall, V. Solis, R.**

2   **Fritz**, and **M. Ross**, Facility Captains ; Sergeant **M. Thomas**; Lieutenant **R. Parin**;

3   **Bolton** and **K. Soper**, Supervising Cooks; **N. Stone**, Assistant Food Manager; **B. Dixion**,

4   Administrator; **V. Lomeli**, Counselor; **K. Wall**, Health Care Manager; **Miranda** (title

5   unknown); **Dr. Nguyen**, **Dr. Pajong**, Dr**. R. Muhammad**, **Dr. Richard Mack**, **Dr. E.**

6   **Birdson**, **Dr. D. Jardini**, **Dr. Eric Bridgnell**, Dr**. Robert Bowman**, and **Dr. L.**

7   **Gamboa**; and **C. Kates**, Healthcare Appeals Coordinator.

8          The Clerk shall also issues summons to Defendant **Dr. J. Walker** at the California

9   Prison Health Care Services (Sacramento, CA 95812-4038), and Defendants **C.**

10  **Holstrom** and **D. Foston**, Appeals Examiners, at the Appeals Branch (P.O. Bos 94283,

11  Sacramento, CA 94283-0001).

12          The Clerk shall replace "A. Reyes" with "Rayes," and "E. Romas" with "C. Ramos,

13  Correctional Counselor II" on the Docket, and add Defendants N. Stone and D. L. Gamboa as

14  parties to this action.

15          2.      No later than **sixty (60) days** from the date of this order, Defendants shall

16  file a motion for summary judgment or other dispositive motion with respect to the claims

17  in the amended complaint found to be cognizable above.

18                  a.      If Defendants elect to file a motion to dismiss on the grounds

19  Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

20  § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to

21  Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v.

22  Terhune, 540 U.S. 810 (2003).

23                  b.      Any motion for summary judgment shall be supported by adequate

24  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

25  Civil Procedure.  **Defendants are advised that summary judgment cannot be granted,**

26  **nor qualified immunity found, if material facts are in dispute.  If any Defendant is of**

27  **the opinion that this case cannot be resolved by summary judgment, he shall so**

28  **inform the Court prior to the date the summary judgment motion is due.**

1   3. Plaintiff's opposition to the dispositive motion shall be filed with the Court

2 and served on Defendants no later than **thirty (30) days** from the date Defendants'

3 motion is filed.

4   a. In the event the Defendants file an unenumerated motion to dismiss

5 under Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule
> 12(b) of the Federal Rules of Civil Procedure, on the ground you
> have not exhausted your administrative remedies. The motion will,
> if granted, result in the dismissal of your case. When a party you are
> suing makes a motion to dismiss for failure to exhaust, and that
> motion is properly supported by declarations (or other sworn
> testimony) and/or documents, you may not simply rely on what your
> complaint says. Instead, you must set out specific facts in
> declarations, depositions, answers to interrogatories, or documents,
> that contradict the facts shown in the defendant's declarations and
> documents and show that you have in fact exhausted your claims. If
> you do not submit your own evidence in opposition, the motion to
> dismiss, if appropriate, may be granted and the case dismissed.

13   b. In the event Defendants file a motion for summary judgment,

14 the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which
> they seek to have your case dismissed. A motion for summary
> judgment under Rule 56 of the Federal Rules of Civil Procedure will,
> if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment. Generally, summary judgment must be granted
> when there is no genuine issue of material fact--that is, if there is no
> real dispute about any fact that would affect the result of your case,
> the party who asked for summary judgment is entitled to judgment as
> a matter of law, which will end your case. When a party you are
> suing makes a motion for summary judgment that is properly
> supported by declarations (or other sworn testimony), you cannot
> simply rely on what your complaint says. Instead, you must set out
> specific facts in declarations, depositions, answers to interrogatories,
> or authenticated documents, as provided in Rule 56(e), that
> contradict the facts shown in the defendants' declarations and
> documents and show that there is a genuine issue of material fact for
> trial. If you do not submit your own evidence in opposition,
> summary judgment, if appropriate, may be entered against you. If
> summary judgment is granted in favor of defendants, your case will
> be dismissed and there will be no trial.

---

[2] The following notice is adapted from the summary judgment notice to be given to pro
se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
<u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

4.      Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: _____October 26, 2011_____          _____
                                              EDWARD J. DAVILA
                                              United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


DANNY GEROME YOUNG,                           Case Number: CV11-02739 EJD

          Plaintiff,              **CERTIFICATE OF SERVICE**

  v.

ANTHONY HEDGPETH, et al,.

          Defendants.
_____/


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

That on _____10/26/2011_____, I SERVED a true and correct copy(ies) of the
attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)
hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into
an inter-office delivery receptacle located in the Clerk's office.


Danny Gerome Young C-53235
Salinas Valley State Prison
CTC 23
P.O. Box 1050
Soledad, CA 93960-1050


Dated: _____10/26/2011_____
                             Richard W. Wieking, Clerk
                        /s/By: Elizabeth Garcia, Deputy Clerk